# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  **v.**                                       **Case No. 19-CR-216**

**THOMAS O. HARRIS IV**
        **Defendant.**

## DECISION AND ORDER

On November 3, 2020, I sentenced defendant Thomas Harris to 2 years' probation on his guilty plea to felon in possession of a firearm. 18 U.S.C. § 922(g)(1). On December 10, 2021, defendant filed a motion for early termination of probation. 18 U.S.C. § 3564(c). The government responded in opposition. Defendant has not replied within the time allotted. For the reasons that follow, I deny the motion.

### I. FACTS AND BACKGROUND

On September 21, 2019, the police pulled defendant over for suspended plates. The officer asked defendant if he had anything illegal in his vehicle or if he possessed a CCW permit. Defendant responded, "No," and he subsequently provided the officer with his identification card. (PSR ¶ 7.)

After discovering that defendant's driver's license was revoked, additional officers were called to the scene to assist with his arrest. Upon their arrival, defendant was asked to step out of his vehicle so a pat down search could be conducted. During a search of his person, an officer felt a hard object on his waistband. The officer asked defendant to identify the object, and defendant replied, "It's a gun." The officer subsequently removed a loaded 9mm firearm

from defendant's waistband and placed him under arrest. (PSR ¶ 8.)

A record check revealed that the gun was reported stolen. A criminal record check revealed defendant had a prior felony conviction for Aggravated Battery-Intend Great Bodily Harm in Milwaukee County Circuit Court in 2003. (PSR ¶ 9.)

During the pre-sentence interview, defendant admitted he was caught with a firearm in his waistband, and he was aware he could not possess a gun due to his prior felony conviction. He stated he carried a firearm for protection due to being a victim of two prior robbery incidents. Due to the violence in the Milwaukee area, defendant and his girlfriend had decided to relocate to Forney, Texas, so he no longer had to fear for his safety and the safety of his family. He acknowledged the poor decision he made in this offense, and he stated he never wants to put his children or family through an unnecessary situation like this again. (PSR ¶ 12.)

Forty years old at the time of sentencing (PSR ¶ 40), defendant had a prior record for hit and run in 2001, for which he was initially sentenced to probation but later revoked (PSR ¶ 26); operating after revocation in 2002, for which he received 30 days' jail (PSR ¶ 27); and substantial battery in 2003, for which he was sentenced to 3 years prison and 4 years extended supervision. In that case, he beat a female victim about her face with his fists more than 50 times before he threw her at a glass door. As a result of the incident, she suffered severe injuries to her face, including the loss of her left eye. His supervision in that case was later revoked in 2008 and 2010. (PSR ¶ 28.) His record thereafter was more limited, consisting of drunk driving cases in 2013 and 2014. (PSR ¶¶ 29-30.) He managed to stay out of trouble after those cases until his arrest in this matter.

Defendant had been in a relationship since 2012 and had a six-year-old child with his partner. His partner remained supportive. He had three other children from previous

2

relationships, with significant support arrears. (PSR ¶¶ 46-49.) Defendant earned an HSED while in prison in 2011, and he had worked as a barber. (PSR ¶¶ 61-63.) He did not appear to have current substance abuse issues, but he admitted a history of alcohol and marijuana use, and his record included previous drunk driving convictions. (PSR ¶¶ 57-59.)

The guidelines called for a term of 37-46 months in prison, but I found that greater than necessary under the circumstances of this case. I noted that the guidelines contained two flaws in this case. First, given the operation of U.S.S.G. § 2K2.1(a), the same prior conviction increased the offense level by 6 and added 3 criminal history points, overstating risk and placing too much weight on the prior conviction. See United States v. Fogle, 694 F. Supp. 2d 1014, 1017-18 (E.D. Wis. 2010). Second, the guideline provided for a 2 level increase for possession of a stolen firearm on a strict liability basis. See United States v. McBride, 789 F. Supp. 2d 1024, 1028 (E.D. Wis. 2011).

Looking at the § 3553(a) factors, I found nothing aggravated about the offense. The record contained no indication of use, attempted use, or threatened use of the gun. Defendant was cooperative with the police at the time of the stop, which was due to suspended plates not some other suspicious or dangerous activity.

While defendant had a significant prior record, he appeared to have settled down and done better over the last six years. The relocation to Texas appeared to be a good idea. He had also complied with bond in this case, suggesting that he was a good candidate for probation.

Considering all these factors, the mitigated nature of the offense, the age of his prior felony conviction, and the positive steps he had taken since his last release from custody, I found a sentence served in the community sufficient. I imposed a 2-year probationary term to

3

ensure that he was monitored, stayed on the right track, maintained legitimate employment, and supported his family.

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3564(c),

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The court accordingly may grant early termination of felony probation if: (1) the defendant has served at least one year; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). United States v. Khan, No. 12-CR-88, 2014 U.S. Dist. LEXIS 148589, at *2 (E.D. Wis. Oct. 20, 2014). Defendant has completed more than one year of supervision, and the government has responded to the motion. The issue is thus whether termination would be in the interest of justice.

The district court possesses broad discretion in making this determination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006).  However, courts have generally found that the conduct of the defendant necessary to support early termination should include more than simply following the rules, as that is what the court expects. Khan, 2014 U.S. Dist. LEXIS 148589, at *2-3. Courts have tended to grant such requests in cases involving new or unforeseen circumstances, which may include exceptionally good behavior. Id. at *3 (collecting cases).

In his motion, defendant indicates that after he was sentenced he moved to Forney,

4

Texas, where he and his partner own a home. He indicates that in this new environment he does not feel the need to arm himself for protection. (R. 26 at 2.)

Defendant further indicates that he has been compliant with his supervision conditions. He has maintained full-time employment as a barber, continues to raise his young son (who lives with him), and provides financial support as needed to his other children. He wants the court to know that he has been working hard and staying out of trouble, demonstrating that the court's sentence was appropriate, and that supervision is no longer necessary to meet the sentencing objectives. (R. 26 at 2.)

Defendant's compliance is commendable, but the court expects those on supervision to work, follow the rules, and support their dependants. See, e.g., United States v. Bartak, No. 10-CR-174, 2013 U.S. Dist. LEXIS 84652, at *3 (E.D. Wis. June 17, 2013). Defendant points to no changed circumstances since the imposition of the sentence; I was aware of his planned move to Texas. Nor does he contend that probation interferes with his rehabilitation or other pro-social activities. See, e.g., United States v. Vang, No. 10-CR-31, 2013 U.S. Dist. LEXIS 113270, at *5 (E.D. Wis. Aug. 12, 2013).

Finally, the § 3553(a) factors support service of the full 2-year probationary term. As discussed above, while defendant demonstrated improved behavior in the years preceding this offense, he has a significant prior record, as well as a history of substance abuse. Early termination would be inconsistent with the need to protect the public, deter, and provide for needed correctional treatment/monitoring. 18 U.S.C. § 3553(a)(2).

5

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 26) is denied.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge